DESIGNATED FOR PUBLICATION

**E-Filed 5/29/07**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| IN RE MERCURY INTERACTIVE CORP. DERIVATIVE LITIGATION | Case Number C 05-4642 JF (PVT)<br>Case Number C 06-2971 JF (PVT) |
| ——————————————————<br>TERRY KLEIN,<br>　　　　　　　　Plaintiff,<br>　　v.<br>AMNON LANDON, et al.<br>　　　　　　　　Defendants. | ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF STANDING WITHOUT LEAVE TO AMEND<br><br>[re. docket no. 97, C 05-4642 JF (PVT); docket no. 72, C 06-2971 JF (PVT)] |

**I. BACKGROUND**

1.The Consolidated Action

Plaintiff Robert Korhely, an owner of common stock of Mercury Interactive Corporation ("Mercury" or "the company"), filed the original derivative complaint in action number C 05-4642 JF (PVT) ("the Consolidated Action") on November 14, 2005. The complaint named nominal defendant Mercury and nine former board members and officers of Mercury. It alleged illegal backdating of stock options and asserted claims for (1) breach of the fiduciary duties of loyalty and good faith; (2) unjust enrichment; and (3) reimbursement of compensation pursuant

to Section 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243.

On February 14, 2006, the Court consolidated four other derivative actions[1] with the Consolidated Action and appointed an executive committee to manage the litigation ("the Consolidated Plaintiffs"). On May 22, 2006, the Consolidated Plaintiffs filed a consolidated derivative complaint ("the Consolidated Complaint") against nine individual defendants[2] and Mercury's auditors, PricewaterhouseCoopers LLP (collectively, "the Consolidated Defendants"). The Consolidated Complaint asserts claims for (1) breach of fiduciary duty; (2) negligent breach of fiduciary duties; (3) unjust enrichment; (4) contribution and indemnification; (5) disgorgement pursuant to Section 304 of the Sarbanes-Oxley Act, 15 U.S.C. § 7243; (6) violation of Section 10(b) of the Securities Exchange Act and Rule 10b-5 promulgated thereunder; (7) violation of Section 14(a) of the Securities Exchange Act and Rule 14a-9 promulgated thereunder; (8) abuse of control; (9) gross mismanagement; (10) waste of corporate assets; (11) violation of Section 16(b) of the Securities Exchange Act; (12) negligent accounting; (13) and aiding and abetting.

On June 13, 2006, pursuant to a stipulation by the parties, the Court stayed the Consolidated Action pending the outcome of consolidated derivative actions filed in the Santa Clara Superior Court. On February 5, 2007, that court dismissed the state law action for lack of standing in light of the acquisition of Mercury by Hewlett Packard Corporation ("HP"). *See* Scott Decl. Ex. C. On January 29, 2007, this Court directed the parties to brief the issue of standing with respect to the Consolidated Action. On February 23, 2007, two of the Consolidated Defendants moved to dismiss the action for lack of standing. The remaining Consolidated Defendants have joined in the motion.[3] The Consolidated Plaintiffs oppose the

---

[1] *Gupta v. Boston*, Case No. C 05-4685 JF (PVT); *Casey v. Landan*, Case No. C 05-4690 JF (PVT); *Selig v. Landan*, C 05-4703 JF (PVT); and *City of New Orleans Employees' Retirement System v. Boston*, Case No. C 05-4704 JF (PVT).

[2] Amnon Landan, Douglas P. Smith, Susan J. Skaer, Giora Yaron, Igal Kohavi, Yair Shamir, Clyde W. Ostler, Brad Boston, and Anthony Zingale.

[3] The Consolidated Plaintiffs object to the inclusion of argument and evidence not properly before the Court in the joinders filed on March 20, 2007 and March 23, 2007, four and seven days, respectively, after the deadline for filing a reply to the Consolidated Plaintiffs'

2

Case No. C 05-4642 JF (PVT) / C 06-2971 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF STANDING WITHOUT LEAVE TO AMEND
(JFLC1)

motion. The Court heard oral argument on March 30, 2007.

2.     The Klein Action

On May 2, 2006, Plaintiff Terry Klein ("Klein"), then an owner of Mercury common stock, filed the initial complaint in action number C 06-2971 JF (PVT) ("the Klein Action"). The initial complaint, filed derivatively on behalf of nominal defendant Mercury, named as defendants eight former board members and officers of Mercury. It asserted a claim under Section 16(b) of the Securities Exchange Act, 15 U.S.C. § 78p, seeking the disgorgement of short-swing profits obtained by defendants as a result of options backdating.

On May 17, 2006, the Court related the Klein Action to the Consolidated Action.[4] On October 6, 2006, Klein filed an amended derivative complaint ("the Klein FAC") that named nominal defendant Mercury and three individual defendants ("the Klein Defendants").[5] The Klein FAC asserts a single Section 16(b) claim. On October 26, 2006, the Klein Defendants moved to dismiss the Klein FAC. On January 25, 2007, in light of the acquisition of Mercury by HP, the Court vacated the hearing date of the motion to dismiss and directed the parties to brief the issue of standing.[6] On February 23, 2007, the Klein Defendants moved to dismiss the action for lack of standing. Klein opposes the motion. The Court heard oral argument on March 30,

---

opposition. The Court need not resolve these objections because it concludes that the Consolidated Plaintiffs lack standing irrespective of the arguments included in the joinders. Because the Consolidated Plaintiffs lack standing, the Consolidated Action will be dismissed as to all defendants.

[4] Klein argued in opposition to the motion to relate the cases that the actions should not be related because the Klein Action asserts a claim under Section 16(b) that was not included in the Consolidated Action. The Court concluded that this was a persuasive argument against consolidation, but not against relating the cases. The Court notes, however, that the Consolidated Complaint, which was filed five days after the order relating the cases, includes a Section 16(b) claim.

[5] The Court received notice of voluntary dismissal of three of the original individual defendants on September 15, 2006, and of another two of the original individual defendants on September 18, 2006. The Klein FAC names the three remaining individual defendants: Amnon Landan, Sharlene Abrams, and Kenneth Klein.

[6] The Court explained that it would determine if and when to hear the motion to dismiss if it did not dismiss the action for lack of standing.

3

2007.

## II.  LEGAL STANDARD

1.   Motion to Dismiss

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment.  *Lucas v. Dep't of Corrs.*, 66 F.3d 245, 248 (9th Cir. 1995).  When amendment would be futile, however, dismissal may be ordered with prejudice.  *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

2.   Federal Rule of Civil Procedure 23.1

Federal Rule of Civil Procedure 23.1 requires that a derivative complaint allege "that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law."  This rule "requires that a derivative plaintiff be a shareholder at the time of the alleged wrongful acts and that the plaintiff retain ownership of the stock for the duration of the lawsuit.  The latter requirement, although not expressly stated in the rule, has been inferred from its language."  *Lewis v. Chiles*, 719 F.2d 1044, 1047 (9th Cir. 1983).  The Ninth Circuit has held that "Rule 23.1's continuous ownership requirement is procedural in nature and thus applicable in diversity actions."  *Kona Enters., Inc. v. Estate of Bishop*, 179 F.3d 767, 769 (9th Cir. 1999).  It also has identified two situations in which equitable standing for non-shareholders has been granted: (1) in foreclosure or forced sale cases; and (2) in merger cases where "the plaintiffs contended they had lost their stock due to the same wrongful conduct that was the subject of the derivative suit they were trying to bring."  *Id.* at 770 (citing *Keyser v. Commonwealth Nat'l Fin. Corp.*, 120 F.R.D. 489 (M.D.Pa. 1988); *Miller v. Steinbach*, 268 F.Supp. 255 (S.D.N.Y. 1967)).

## III.  DISCUSSION

1.   The Consolidated Action

   a.   Standing as Currently Pled

4

It now is undisputed that HP purchased Mercury in a cash-out merger. The Consolidated Plaintiffs nonetheless argue that they retain standing in this litigation. The Consolidated Plaintiffs assert a number of arguments in an attempt to remove their actions from the scope of the continuous ownership requirement of Rule 23.1. For the reasons discussed below, the Court concludes that none of these arguments is sufficient to save the Consolidated Complaint.

First, the Consolidated Plaintiffs argue that the issue of standing under "Rule 23.1 is irrelevant because Mercury already decided in June to pursue claims against defendants." Consolidated Opposition 2. The Consolidated Plaintiffs contend that "Mercury has exercised control and directed that the claims proceed, such that these claims are no longer derivative in nature." *Id.* at 2-3. However, the Consolidated Plaintiffs cite no authority supporting their assertion that their derivative action somehow has assumed a "direct character" through the company's endorsement of the derivative action or that Rule 23.1 became "irrelevant" when the company allowed certain aspects of the derivative claims to proceed. *See id.* at 9-10.

Next, the Consolidated Plaintiffs argue that their ownership of Mercury shares at the time suit was filed satisfies Rule 23.1. *See id.* at 10-13. This argument contradicts the Ninth Circuit's statement in *Lewis* that Rule 23.1 "requires that a derivative plaintiff be a shareholder at the time of the alleged wrongful acts and that the plaintiff retain ownership of the stock *for the duration of the lawsuit*." *Lewis*, 719 F.2d at 1047 (emphasis added).[7] While the court considered whether

---

[7] The Consolidated Plaintiffs cite *Keyser*, 120 F.R.D. at 493, for the proposition that standing under Rule 23.1 exists after a merger. However, that case does not support the broad proposition that "Plaintiffs fulfill Rule 23.1 because they contemporaneously held shares when the alleged transaction occurred and when the suit was filed accordingly they have an interest in recovering from defendants for the harm done to Mercury." Consolidated Opposition 12. Instead, *Keyser* holds that fraud *during or in connection with* a merger may give rise to an exception to the general rule that standing is lost when a company ceases to exist as a result of the merger. The court explained that: "Plaintiffs will be afforded the opportunity to prove that [the surviving corporation] participated in wrongdoing during the [merger at issue] and related events. Conversely, if plaintiffs are unable to establish at trial any wrongdoing on the part of [the surviving corporation], or if they are unable to raise a material fact dispute on that issue in the face of a dispositive motion by [the surviving corporation], it would appear that the right to bring a derivative suit had passed to [the surviving corporation] upon consummation of the merger and that plaintiffs had, at that point, lost their standing to pursue the derivative action." *Keyser*, 120 F.R.D. at 493.

the derivative claim was "specifically included in the assets sold," *see id.* at 1046, *Lewis* does not hold that a derivative plaintiff loses standing following a merger only if there is an explicit statement that the merger price included the value of the derivative claim.

Finally, the Consolidated Plaintiffs argue that they have equitable standing under the fraudulent merger exception to Rule 23.1.[8] However, the Consolidated Complaint does not contain any allegations of fraud in the merger between Mercury and HP.

    b.    Leave to Amend

        i.    Amendment to Bring the Instant Action Within the Merger Exception to the Continuous Ownership Requirement

The Consolidated Plaintiffs seek leave to amend to allege facts that would bring this case within the merger exception to Rule 23.1's continuous ownership requirement. The Consolidated Plaintiffs state that they would allege that "the challenged merger was subject to the claim of fraud" in that the "HP merger was approved by Mercury's Board to avoid personal liability for backdating which included millions gained through the exercise of their options as well as damage to the Company." Consolidated Opposition 14. The Court concludes that such amendment would be futile.

The merger exception does not apply simply because a bad act led to a depressed share price in a merger. Instead, it applies where fraud occurred *during* the merger. Moreover, the limited instances in which the exception has been applied indicate that the *surviving* corporation must participate in the fraud in order for the merger exception to apply. *See Keyser*, 120 F.R.D. at 491 (describing Mellon Bank as "the surviving corporation"); *id.* at 493 ("[I]f plaintiffs are unable to establish at trial any wrongdoing on the part of Mellon, or if they are unable to raise a material fact dispute on that issue in the face of a dispositive motion by Mellon, it would appear

---

[8] The Consolidated Plaintiffs argue extensively that California and Delaware law suggest that they have equitable standing. *See* Consolidated Opposition 16-20. However, the Consolidated Plaintiffs fail to explain the relevance of these states' laws to the instant question under federal law. "Rule 23.1's continuous ownership requirement is procedural in nature and thus applicable in diversity actions." *Kona Enters.*, 179 F.3d at 769. "*Erie* principles apply equally in the context of pendent jurisdiction." *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995).

6
Case No. C 05-4642 JF (PVT) / C 06-2971 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF STANDING WITHOUT LEAVE TO AMEND
(JFLC1)

that the right to bring a derivative suit had passed to Mellon upon consummation of the merger and that plaintiffs had, at that point, lost their standing to pursue the derivative action."); *Miller*, 268 F.Supp. at 267 (applying Pennsylvania law and stating that "[t]o hold that the surviving corporation inherits a derivative right of action where said corporation has wrongfully taken part in the very acts complained of would be to reach an incongruous and highly inequitable result"). These cases explain that the merger exception does not remove an asset acquired in a merger from the surviving corporation unless the *surviving corporation* acquired that asset by fraud or other wrongful conduct. The equitable merger exception prevents an acquiring and surviving corporation from benefitting from a fraud in which it participated, but it does not deprive it of an acquired asset when it committed no wrongful conduct in the acquisition of that asset.

In the instant case, if HP engaged in fraudulent conduct during its merger with Mercury and consequently paid an unreasonably low price for Mercury shares, it would not be equitable to allow HP to recover damages in a derivative action against the Consolidated Defendants. Under such circumstances, the Consolidated Plaintiffs might retain equitable standing and be entitled to recover damages from the Consolidated Defendants on a quasi-direct or flow-through basis. On the other hand, if HP did not participate in fraud in the merger, the Court would have no basis, as a matter of equity, for interfering with HP's decision as to whether to prosecute a derivative action against the Consolidated Defendants. In the absence of wrongful conduct by HP, it would be inequitable to rewrite the terms of the merger by assigning the right to prosecute such a derivative action to the Consolidated Plaintiffs.

The Consolidated Plaintiffs do not suggest that they can or would allege that *HP's* conduct during the merger with Mercury was fraudulent or otherwise wrongful. Accordingly, the merger exception would not apply to the instant case. Neither *Keyser* nor *Miller* supports an argument that equitable standing should be granted in the Consolidated Action. Instead, those cases suggest that any right to proceed against the Mercury officers and board members has passed to HP.[9]

---

[9] The only case within the Ninth Circuit cited by the Consolidated Plaintiffs that has recognized equitable standing under the merger exception, *Mroz v. Hoaloha Na Eha, Inc.*, 360

7

1  The Court recognizes that this conclusion may foreclose recovery by some or all of the
2  Consolidated Plaintiffs, as the wrongful acts alleged in this case fall outside the relevant class
3  period in the securities class-action against Mercury's former officers and directors that also is
4  pending before this Court.[10] However, the Court notes that the Consolidated Plaintiffs could
5  have exercised their state law appraisal rights if they believed that the merger price was
6  unreasonably low. The Consolidated Plaintiffs apparently did not pursue this remedy. Indeed,
7  there is no allegation that the Consolidated Plaintiffs ever objected at the time of the merger to
8  the price they received for their shares.

        ii.        Amendment of the Complaint to Include HP as a Nominal Defendant

Perhaps anticipating the foregoing analysis, the Consolidated Plaintiffs also seek leave to amend, if necessary, to add HP as a nominal defendant in the Consolidated Action. The Court concludes that such an amendment would be inappropriate for at least two reasons. First, continuation of the Consolidated Action as a derivative action on behalf of HP would require reevaluation of the standing of the Consolidated Plaintiffs, many of whom may lack an ownership interest in HP. The executive committee in this case was created on the basis of claims arising from the ownership of Mercury stock, and there is no indication that the same executive committee would be appropriate in an amended consolidated action brought on behalf of HP. Second, inclusion of HP as a nominal defendant would give rise to a new demand requirement. Fulfillment of such a demand requirement likely would cause significant delay in

---

F.Supp.2d 1122 (D.Haw. 2005), is distinguishable from the instant case in that it involved derivative claims brought on behalf of the surviving corporation. In *Mroz*, the district court concluded that former shareholders who were divested of their shares by the merger could bring derivative actions on behalf of the surviving company because they alleged that they would have remained shareholders if not for fraud during the merger. *Id.* at 1136. The Consolidated Plaintiffs do not make such allegations, and they do not suggest that they would be able to do so.

The Consolidated Plaintiffs have filed notice of a decision in the case, *In re Caremark RX Inc. Stock Option Litigation*, 06C-1329 (Tenn. Cir. Ct. 1st, March 26, 2007). However, the cited order does not contain sufficient explanation of the procedural posture of the case or relevant analysis to aid the Court in resolving the instant motion.

[10] *See In re. Mercury Interactive Corp. Securities Litigation*, Case No. C 05-3395 JF (PVT).

the existing action and burden the Court's docket unnecessarily. If the Consolidated Plaintiffs believe that claims against HP as a nominal defendant are warranted, such claims may be asserted in a separate action.

Because of the apparent futility of any amendment intended to bring the Consolidated Plaintiffs within the exception to the continuous ownership requirement and the undue delay associated with adding HP as a nominal defendant in the Consolidated Action, the Court concludes that it should dismiss the Consolidated Action without leave to amend. Such dismissal necessarily is without prejudice to any derivative claim that may be asserted against HP as a nominal defendant.

2.  The Klein Action

Klein filed his Section 16(b) action as an owner of Mercury stock. Klein subsequently sold his Mercury stock for cash to HP. However, between the filing of the suit and the completion of the cash-out merger, Klein also purchased stock in HP.[11] Klein asserts that his current ownership of HP stock is sufficient to confer standing in derivative Section 16(b) litigation on behalf of Mercury. The Supreme Court has explained that no "'continuous ownership requirement' is found in the text of [Section 16(b)],[12] nor does §16(b)'s legislative history reveal any congressional intent to impose one." *Gollust v. Mendell*, 501 U.S. 115, 124 (1991) (internal citation omitted). However, "[t]his is not to say, of course, that a §16(b) action could be maintained by someone who is subsequently divested of any interest in the outcome of the litigation." *Id.* "[I]f a security holder were allowed to maintain a §16(b) action after he had

---

[11] Klein asserts this ownership of HP stock in his opposition papers. The Klein FAC does not allege ownership of HP stock. The Klein Defendants state in reply that they are not opposed to treating these allegations as a proposed amendment to the complaint.

[12] That section provides in relevant part:
"Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized."
15 U.S.C. § 78p(b).

lost any financial interest in its outcome, there would be serious constitutional doubt whether that plaintiff could demonstrate the standing required by Article III's case-or-controversy limitation on federal court jurisdiction." *Id.* at 125.

Klein argues that *Gollust* controls and that he has continued standing to pursue a Section 16(b) action on behalf of Mercury. However, in *Gollust*, the shareholders of the extinguished corporation did not sell the assets of their corporation, including any right they may have had to recover in a Section 16(b) action, solely for cash; instead, they received cash and stock in the surviving corporation. The new securities thus included a stake in any recovery under Section 16(b). In the instant action, on the other hand, HP paid cash for all of Mercury's assets, including implicitly the right to recover any proceeds of a Section 16(b) action. Klein does not suggest that anything in the transaction between HP and Mercury would allow former Mercury shareholders to receive further compensation if, as a result of a successful Section 16(b) action, the value of the assets they sold was found to be higher than what they actually received. Because they received cash, the Mercury shareholders lost any financial stake in a recovery from a subsequent Section 16(b) action.

Klein's argument that he differs from other Mercury shareholders because he purchased HP stock during the instant litigation thus is unpersuasive. Klein began the instant litigation with a financial stake in the outcome, but that stake was extinguished when he received cash for his Mercury shares. His entirely voluntary purchase of HP stock does not alter the fact that he, along with the other Mercury shareholders, sold his right to pursue a Section 16(b) action and share, indirectly, in the recovery.[13] His current ownership of HP stock is independent of any interest he had in Mercury, and there is no reason to treat him differently than any other shareholder of HP.[14]

---

[13] Counsel for Klein contended at oral argument that the right to pursue a claim under Section 16(b) had become Klein's and no longer belonged to Mercury after Klein fulfilled the demand requirement. Even if that is the case, Klein subsequently sold that right to HP.

[14] The Court finds *DiLorenzo v. Edgar*, 2004 WL 609374 (D.Del. 2004) (unpublished) unpersuasive in the present context. It is unclear to what extent the facts of that case are similar to those of the instant action. That court noted that "Plaintiff also contends that at the time of the transaction he was an Alloy shareholder and has maintained that interest," *id.* at *1, but the opinion does not indicate whether those shares were purchased prior to the commencement of the

10

Accordingly, the Court concludes that Klein was divested of any interest in the litigation by the sale of his shares in Mercury for cash and that his purchase of HP shares is insufficient to re-confer standing in a derivative action on behalf of Mercury.[15] Klein's ownership of HP stock may allow him to pursue claims on behalf of HP, but Klein offers no persuasive reason why he has standing in this action on behalf of Mercury.[16] For the reasons discussed previously in connection with the Consolidated Action, the Court concludes that it should not grant leave to

---

litigation. The court concluded that "§16(b)'s remedial purpose should not be truncated by the legal nuances of the corporate restructuring. A shareholder of a parent corporation has a financial interest, albeit tenuous, in the disgorgement of profits obtained by insiders of a corporate subsidiary." *Id.* at *3. Considered alone, the first sentence of this quotation might be read to suggest that the form of the merger, in that case a cash-out merger, does not affect standing in a Section 16(b) action, but the second sentence acknowledges that the plaintiff still must retain some financial interest in the acquired company. *DiLorenzo* does not hold that a shareholder who purchases stock in a prospective parent company during the litigation of a Section 16(b) claim has standing to assert the claims of the acquired company after the merger has been completed. *See id.* (stating that "under *Gollust*, where a plaintiff has standing at the commencement of the suit, an *involuntary* change in his status as a security holder resulting from a restructuring will not affect his standing to maintain the suit so long as minimal constitutional requirements are satisfied through the presence of some financial interest in the outcome of the litigation.") (emphasis added).

*In re XO Communications*, 330 B.R. 394 (Bank. Ct. S.D.N.Y. 2005), also provides minimal support for Klein's position. The bankruptcy court in that case noted that the bondholders would receive stock under the reorganization plan. *Id.* at 423. This receipt of stock would assure a continuing interest in the outcome of the litigation. While the form of the security may have changed, at no point were the security-holders divested of a financial interest in the issuing entity by their own sale of the security. The court also speculated, without deciding, that a common shareholder divested of ownership by the reorganization might have retained standing by exercising "some right to acquire a financial interest through some other mechanism (such as purchase of a warrant provided for in the [reorganization p]lan)." *Id.* at 422-23. The purchase of a warrant on the basis of a retained right is distinguishable from an open-market purchase of stock in a parent company after the announcement of a cash-out merger.

[15] This conclusion is in keeping with the principle that a securities plaintiff may not "buy a lawsuit." Klein argues that this principle is inapplicable in the Section 16(b) context. The Court need not decide whether or not that is the case.

[16] The Consolidated Plaintiffs also include a Section 16(b) claim in the Consolidated Complaint. The Consolidated Plaintiffs do not discuss this claim in their papers and do not assert any continuing financial interest in a Section 16(b) claim. Importantly, they do not assert, as does Klein, that they own stock in HP. Accordingly, the Consolidated Plaintiffs' arguments pertaining to standing to pursue such a claim are weaker than those advanced by Klein.

1  amend to add HP as a nominal defendant.  HP may choose not to pursue Section 16(b) claims
2  that may be available to it, but that is an insufficient reason to revisit the standing analysis here.
3  *See Lewis v. McAdams*, 762 F.2d 800, 804 (9th Cir. 1985) ("That a merger may result in a
4  corporation succeeding to an action formerly held by an individual is a consequence dictated by
5  [Section 16(b)].  We will not confer standing on a plaintiff who falls outside the class of persons
6  permitted by the language of the statute to bring suit merely because the only parties falling
7  within the class choose not to exercise their right to sue.").

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that the motions to dismiss the Consolidated Action, No C 05-4642 JF (PVT), and the Klein Action, No. C 06-2971 JF (PVT), for lack of standing are GRANTED without leave to amend.  This order is without prejudice to any derivative claim one or more of the plaintiffs may assert against HP.

DATED: May 29, 2007

_____
JEREMY FOGEL
United States District Judge

Copies of this Order have been served on:

<u>C 05-4642 JF (PVT)</u>

| | |
|---|---|
| Asim M. Bhansali | amb@kvn.com, efiling@kvn.com; gap@kvn.com; pwm@kvn.com |
| Norman J. Blears | nblears@hewm.com, susan.griffin-preston@hellerehrman.com; yvonne.somek@hellerehrman.com; oleg.zhoglo@hellerehrman.com |
| Jonathan Herschel Bornstein | jonathan@bornsteinandbornstein.com |
| Sara B. Brody | sara.brody@hellerehrman.com, terri.newman@hellerehrman.com; Cecilia.Chan@hellerehrman.com; Gary.Padilla@hellerehrman.com; Sebastian.Jerez@hellerehrman.com |
| Lucy Edmond Buford | lbuford@orrick.com, jknight@orrick.com |
| Cecilia Y. Chan | cecilia.chan@hellerehrman.com |
| John D. Cline | jcline@jonesday.com, tmdanowski@jonesday.com; cyip@jonesday.com |
| Kirk Andrew Dublin | kdublin@jonesday.com, adlangenbach@jonesday.com; tmdanowski@jonesday.com |
| Jeffrey S. Facter | jfacter@shearman.com, rcheatham@shearman.com; jae.ko@shearman.com |
| Scott A. Fink | sfink@gibsondunn.com, bhonniball@gibsondunn.com |
| Roberto Finzi | rfinzi@paulweiss.com, jromm@paulweiss.com; egoldstein@paulweiss.com |
| Frank James Johnson | frankj@johnsonbottini.com, brett@johnsonbottini.com, frankb@johnsonbottini.com, emily@johnsonbottini.com |
| James N. Kramer | jkramer@orrick.com |
| Betsy C. Manifold | manifold@whafh.com |
| Elise Natalie Milstein | emilstein@jonesday.com, mcassidy@jonesday.com |
| Patrick David Robbins | probbins@shearman.com, rcheatham@shearman.com |
| Michael Todd Scott | tscott@orrick.com, elee@orrick.com |
| Eric L. Zagar | ezagar@sbclasslaw.com, rwinchester@sbclasslaw.com; der_filings@sbclasslaw.com |

Notice will be delivered by other means to:

Eric S. Goldstein
Paul Weiss Rifkind Wharton & Garrison, LLP

13

Case No. C 05-4642 JF (PVT) / C 06-2971 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF STANDING WITHOUT LEAVE TO AMEND
(JFLC1)

| | |
|---|---|
| 1 | 1285 Avenue of the Americas<br>New York, NY 10019 |
| 2 | |
| 3 | Robert I. Harwood<br>Harwood Feffer LLP<br>488 Madison Ave. 8th Floor |
| 4 | New York, NY 10022 |
| 5 | Mark F. Pomerantz<br>Paul Weiss Rifkind Wharton & Garrison, LLP |
| 6 | 1285 Avenue of the Ameiracas<br>New York, NY 10019 |
| 7 | |
| 8 | Kathryn Quetel<br>Bornstein & Bornstein<br>2590 Geary Boulevard |
| 9 | San Francisco, CA 94115-3318 |
| 10 | Andrew T. Solomon<br>Sullivan & Worcester, LLP |
| 11 | 1290 Avenue of the Ameicas<br>New York, NY 10104 |
| 12 | |
| 13 | Franklin B. Velie<br>Sullivan & Worcester, LLP<br>1290 Avenue of the Americas |
| 14 | New York, NY 10104 |
| 15 | C 06-2971 JF (PVT) |

| | | |
|---|---|---|
| 16 | Sara B. Brody | sara.brody@hellerehrman.com,<br>terri.newman@hellerehrman.com; |
| 17 | | Cecilia.Chan@hellerehrman.com;<br>Gary.Padilla@hellerehrman.com; |
| 18 | | Sebastian.Jerez@hellerehrman.com |
| 19 | Cecilia Y. Chan | cecilia.chan@hellerehrman.com |
| 20 | Christina Lucen Costley | ccostley@wsgr.com |
| 21 | Kirk Andrew Dublin | kdublin@jonesday.com, adlangenbach@jonesday.com;<br>tmdanowski@jonesday.com |
| 22 | | |
| 23 | Jared Lee Kopel | jkopel@wsgr.com |
| 24 | Betsy C. Manifold | manifold@whafh.com |
| 25 | Thomas James Martin | tmartin@wsgr.com, dlewis@wsgr.com |
| 26 | Elise Natalie Milstein | emilstein@jonesday.com, mcassidy@jonesday.com |
| 27 | Glenn F. Ostrager | gostrager@ocfblaw.com |
| 28 | Stephen Lyle Porter | slp@wpglaw.com, |

14

Case No. C 05-4642 JF (PVT) / C 06-2971 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF STANDING WITHOUT LEAVE TO AMEND
(JFLC1)

| | | |
|---|---|---|
| 1 | Adam Richard Sand , Esq | arsand@JonesDay.com, mlandsborough@jonesday.com |
| 2 | Paul D. Wexler | wexler@bragarwexler.com |
| 3 | C. Brandon Wisoff | bwisoff@fbm.com, mzappas@fbm.com; calendar@fbm.com |

Notice will be delivered by other means to:

Andrew T. Solomon
Sullivan & Worcester, LLP
1290 Avenue of the Ameicas
New York, NY 10104

Case No. C 05-4642 JF (PVT) / C 06-2971 JF (PVT)
ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF STANDING WITHOUT LEAVE TO AMEND
(JFLC1)